## City of Louisa et al. v. Fyfee.

.(Decided June 24, 1938.)

CLYDE L. MILLER for appellants.

KIT C. ELSWICK for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming in part and reversing in part.

Appellee filed a petition in the Lawrence circuit court, alleging that he was a resident and taxpayer of Louisa, a city of the fifth class, operating a grocery and meat market in the city, and from time to time kept hogs in a pen and lot within the city's limits, but that he kept the lot and pen, at all times, in a clean and sanitary condition.

He alleged that on the——day of April at a regular meeting of the city council that body "attempted to pass an ordinance prohibiting the keeping of hogs within the limits of said city." Then follows what is alleged to be the substance of the ordinance, this followed by the statement that "the minutes of said regular meeting of the city council have not, at the present time, been entered on the regular minute book and cannot be in full set out, but copy will be obtained and filed herewith and made a part hereof." The record before us fails to show that a copy of the minutes, or of the "attempted" ordinance was filed with the court below.

Plaintiff then alleged that pursuant to the ordinance, the police judge had issued a warrant charging him with violation of said "purported ordinance," and he asks that the officers of the city, including the police judge, be enjoined from prosecuting him on the warrant. His basis for the prohibitory order is that the ordinance is unconstitutional and void and deprives him of valuable rights. That it transcends the power of the council, is ultra vires and illegal. He alleges the

lack of adequate legal remedy. The cause was submitted on defendant's demurrer, and the following order was entered:

"The court having considered the petition and the demurrer thereto, it is ordered by the court that said demurrer be, and the same is hereby sustained and upheld and defendants declining to plead further, it is adjudged by the court that the defendants be prohibited from prosecuting the plaintiff under the ordinance of April, 1938, prohibiting the keeping of hogs within the city limits of Louisa, and that said ordinance is not valid; to all of which the defendants object, except and pray an appeal to the Court of Appeals, which is granted."

When the court sustained demurrer to the petition, it became incumbent on plaintiff to amend, unless he chose to stand on his petition, and, refusing to plead further, suffer its dismissal. The defendants were not required to answer, or to make any further move, yet the order shows that since defendants declined to plead further, the plaintiff was entitled to the relief sought, though demurrer had been sustained to the petition, we may assume, because no cause of action was stated therein. This situation, as we view it, left the court without justiciable dispute.

It may be that the court below had before it a properly authenticated copy of the ordinance, or such copy of the records of the council showing its passage or attempted passage. Such are not presented here. In their absence from the record before us, we are not able to determine whether the ordinance was sound; structurally or fundamentally defective, or whether it was or not passed in conformity to prescribed laws.

Taking the petition as presented here, and from a technical viewpoint, we conceive that the court properly sustained the demurrer. Clearly so if there were not presented the ordinance as finally passed, and, if necessary to a decision of the question, proper proof of its passage. However, having sustained the demurrer, it was error to enter judgment granting the relief.

The conclusion reached compels us to affirm that portion of the judgment sustaining the demurrer, but reverse so much as grants the final relief. We express no opinion as to the validity or invalidity of the purported ordinance.